JONES *et al. v.* HYMAN MERCANTILE CO.

[98 So. 845.   No. 23480.]

(Division B. Jan. 28, 1924. Suggestion of Error Overruled Feb. 25, 1924.)

HOMESTEAD. *Redelivery of deed of trust on homestead extinguished by payment held not to create enforceable lien for future debts.*
   Payment of the money secured by any mortgage or deed of trust extinguishes it (section 2782, Code of 1906 [section 2286, Hemingway's Code]), and upon the payment of the indebtedness secured by a deed of trust executed by a husband and wife on their homestead the lien thereof was extinguished, and the title revested in the grantors, and the redelivery of the deed of trust to the grantees by one of the grantors did not create a lien for debts thereafter incurred, which was enforceable against the homestead of the grantors.

APPEAL from chancery court of Franklin county.
HON. R. W. CUTRER, Chancellor.
Suit by the Hyman Mercantile Company against P. I. Jones and others. From a decree for plaintiff de-

fendants appeal. Affirmed in part, and reversed and bill dismissed in part.

*Theo. McKnight,* for appellants.

The bill alleges that the fixing of October 1, 1917, as the date of the maturity of the deed of trust was done by ''inadvertence and mistake'' and that same should have read ''October 1, of each year;'' and 'that said deed of trust was intended to be a continuing deed of trust and security from year to year as long as the parties thereto should see fit to do business thereunder.''

The effort here made by appellee is to enforce this deed of trust without reformation, and to have it construed as a perpetual security on the land therein described. It is apparent of record that the debt, for 1917, for the security of which the deed of trust of January 20, 1917, was given, has been paid.

To include in the foreclosure of this deed of trust an indebtedness of six hundred fifty-five dollars and forty cents for the year 1920, (for which year there was not even a deed of trust upon the crop) would be to go beyond the most extreme construction of the language of the instrument, and, in effect, would be to hold that said instrument was perpetual in its operation, which would, in turn, condemn the instrument as a fraud upon its face, and void as against public policy, as being a secret lien.

*W. A. Parsons,* for appellees.

There are no creditors or third parties involved. It seems to be argued that because the deed of trust sued on provides that ''if the said parties of the first part shall, on or before October 1, 1917, pay what may be due . . . then this deed of trust to be void, but if default is made in the said payments, or any part thereof, then all of the indebtedness secured by this deed of trust shall become due and owing at any time after such

default at the option of the party of the third· part, or the legal holder, or holders of the said indebtedness, whether it would otherwise be so or not," that it has no application here.

But the evidence submitted, and the circumstances of the transaction, and the rest of the deed of trust, show beyond any question that it was the intention of the parties to the deed of trust that it should stand as security for the advances made under it, not only for the year 1917, but for the years 1918, 1919 and 1920 as well.

We do not think that this clause is reasonably susceptible of the construction placed upon it by the appellant, and certainly not when taken in connection with the balance of the instrument, and the situation and surroundings of the parties, and the construction they placed upon the instrument in conducting the business in connection with which the instrument was executed.

For the well-known rules that should guide in the construction of every written instrument, see: 15 A. and E. Ency. of Law (1 Ed.), page 777; *Jones* v. *Mississippi Farm Company,* 116 Miss. 295, 76 So. 880; *Harris* v. *Townsend,* 101 Miss. 590, 58 So. 529; *Yazoo & Mississippi Valley R. R. Co.* v. *First National Bank of Vicksburg,* 119 Miss. 59, 80 So. 382; *Rankin County* v. *Busick,* 22 So. 801; *Heard* v. *Garrett,* 34 Miss. 152; *Turner* v. *Acker,* 2 Miss. Decisions 736; *Dardie Tynes Foundry and Machine Co.* v. *Glen Allen Oil Mill,* 84 Miss. 259, 36 So. 262; Jones on Mortgages, (7 Ed.), pars. 70, 101, 367, 367a.

Appellant says that the decree of the lower court makes the deed of trust perpetual and it would be void. I do not know of any principle of law which would make a mortgage to secure the advances made during the continuance of a certain business void and certainly not as between the parties to the deed of trust. The decree of the lower court only went to the extent that the deed of trust was given to secure the payment of the

account sued on for the years 1917, 1918, 1919 and 1920, and we do not see how the lower court could have found otherwise under the evidence offered. .

It is established as the law of the state of Mississippi that the sale of property on a credit with retention of the title in the seller until the payment of the purchase price, creates an indebtedness with an equitable lien upon the property to secure the payment of that indebtedness. *Foundry Co.* v. *Pascagoula Ice Company,* 72 Miss. 615; *Duke* v. *Shackelford,* 56 Miss. 552; *Burnley* v. *Tuft,* 66 Miss. 48; *Dederick* v. *Wolfe,* 68 Miss. 500; *McPherson* v. *Lumber Company,* 70 Miss. 649; *Tuft* v. *Stone,* 70 Miss. 54.

Being but a security for the payment of money the benefit thereof follows the debt when assigned as an incident thereof. *Kausler* v. *Ford,* 47 Miss. 289; *Kerr* v. *Moore,* 54 Miss. 286; *Taylor* v. *Nelson,* 54 Miss. 524; *Foundry* v. *Pascagoula Ice Company,* 72 Miss. 615.

*Theo McKnight,* for appellants in reply.

Appellee seeks, by parol testimony and allegations in its bill, to extend the operation of the deed of trust of 1917 beyond its express and unambiguous terms. This it cannot do. *O'Neal* v. *McLeod* 28 So. 23, not officially reported; *Jordan* v. *Neal,* 33 So. 17; *Columbia Star Milling Company* v. *Russell & Company,* 89 Miss. 437, 42 So. 233.

Argued orally by *Theo. McKnight,* for appellants, and *W. A. Parsons,* for appellee.

Cook, J., delivered the opinion of the court.

The appellee, Hyman Mercantile Company, filed its bill in the chancery court of Franklin county against the appellants, seeking thereby to secure a personal decree against the appellants for a balance claimed to be due for goods, wares, and merchandise sold to them during the years 1917, 1918, 1919, and 1920, and for the satisfaction of such decree, to enforce the lien of a certain deed of trust executed by appellants in favor of appellee on

January 20, 1917, and also certain vendor's liens reserved in contracts for the conditional sale of certain personal property purchased from appellee by P. I. Jones, one of the appellees. The chancellor entered a decree adjudging that appellants were indebted to appellee in the sum of one thousand and seventy-three dollars and seventy-one cents, and that by virtue of said deed of trust the appellee had a lien on the real estate described in said deed of trust, and also additional liens on certain personal property by virtue of the said conditional sale contracts, and ordering the said real estate and personal property sold for the satisfaction of the indebtedness, and appointing a commissioner to make the sale, and from this decree appellants prosecuted this appeal.

The facts as disclosed by the record are substantially as follows: On January 20, 1917, the appellants, P. I. Jones and wife, executed a deed of trust to the appellee to secure a promissory note for one hundred and fifty dollars, and also to secure money to be advanced and supplies to be sold to appellees during the year 19—, "the amount of money and the quantity and kind of supplies and merchandise to be determined" by the appellee. The deed of trust covered the homestead of appellants, and also certain personal property, and provided that it should be void if the appellees paid on October 1, 1917, all indebtedness due by them to appellee. There was a further provision that the deed of trust was made and intended to secure any advances made after the maturity thereof.

The appellants continued to purchase supplies from appellee until about the end of the year 1920, when appellee demanded a new deed of trust on the homestead of appellants to secure the balance then claimed to be due it. Mrs. Littia Jones, the wife of the appellant, P. I. Jones, refused to sign this deed of trust, and thereupon this bill of complaint was filed seeking, among other things, to foreclose the deed of trust which had been exe-

cuted in 1917. The bill charged that the 1917 deed of trust was intended to be "a continuing security from year to year as long as the parties thereto should see fit to do business thereunder;" that the said deed of trust was a "continuing security for all indebtedness incurred by the parties thereunder, whether the same was incurred prior to October 1, 1917, or not, and this is true, notwithstanding the mistake made in preparing the deed of trust;" that the words and figures, "Oct. 1/17," were inserted in said deed of trust by inadvertence and mistake, when in accordance with the intention and agreement of the parties the words should have been "October 1st of each year;" that without correction, however, the deed of trust was intended to be and is a "continuing security for all indebtedness incurred by the defendants thereunder, whether made before or after October 1, 1917, or whether made during the year 1918, or the year 1919, or the year 1920, and all the parties thereto treated it as such security, and the said defendants continued to buy supplies under the said deed of trust and continued to ask for and obtain credit thereunder during all these years."

The defendant interposed a demurrer to the whole bill, which was overruled, and then they filed a demurrer to such parts of the bill as sought to impress and foreclose a lien on the land described in the bill and deed of trust, and this demurrer was likewise overruled. The defendants then filed an answer denying the averments of the bill of complaint, and the cause was heard upon the pleadings and proof, and a decree as hereinbefore set forth was entered.

P. I. Jones, one of the appellants, testified that in the first part of the year 1918 he paid his account and the one hundred and fifty dollar note secured by the deed of trust, and that Mr. Hiller, appellee's bookkeeper, delivered the note and deed of trust to him; that this bookkeeper then stated to him that "if you expect to trade

another year the deed of trust is only on the crop; let me have it back, and it will save you one dollar and twenty-five cents," the recording fee; that, believing the deed of trust only affected the crops thereafter, he told the bookkeeper that this arrangement was satisfactory to him, and then he gave the deed of trust back to Mr. Hiller. This testimony that the indebtedness was fully paid and the deed of trust surrendered during 1918 is undisputed. The only testimony for the appellee on the point was that of W. M. Davis, appellee's general manager, who testified that when P. I. Jones purchased a wagon on October 15, 1918, he asked Jones if he had fixed up his papers, and that he replied: "I am just leaving the old papers there, and they are good for another year;" that he investigated the matter and found that the old deed of trust was in the possession of the company, and that on two other occasions when the appellant, Jones, was making purchases, Jones stated to him that he need not be uneasy, as the indebtedness was fully secured by the old papers.

Construing all the provisions of this deed of trust together we think it amounted only to security for the indebtedness incurred and advances made during the year 1917 and, since the testimony is undisputed that this indebtedness was fully paid and the deed of trust delivered to one of the grantors, the lien thereof was extinguished, and the title revested in the grantors, (section 2782, Code of 1906 [section 2286, Hemingway's Code]), and the redelivery of the instrument to the appellee by this grantor did not inject life into it so as to create an enforceable lien on the homestead of the grantors. The decree of the court below will therefore be reversed, and the bill of complaint dismissed, in so far as it attempts to impress and enforce a lien on the land described in the bill; in all other respects the decree will be affirmed.

*Affirmed in part, and reversed in part.*